ROBERT EMERT

2351 VISTA LAGO TERRACE

ESCONDIDO, CA 92029

760-612-9328

robemert@msn.com



FILED
DEC 29 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## FEDERAL DISTRICT COURT OF SOUTHERN CALIFORNIA

| | |
|---|---|
| ROB EMERT<br><br>PETITIONER<br><br>vs.<br><br>The People of CA<br><br>San Diego Superior Court<br><br>DEFENDANTS | Addendum to Petition for Writ of Habeas Corpus under 28 U.S.C. §§ 2241 and 2254.<br><br>**23 CV 2318 JES VET**<br><br>RELATED CASES<br><br>SCD297230 - SAN DIEGO SUPERIOR COURT<br><br>19FL010852N - SAN DIEGO FAMILY COURT |

Addendum to Petition for Writ of Habeas Corpus – 9th Circuit - Probation constitutes "custody" for Habeas relief and 9th Circuit overturns many PC 278.5(a) when no "malice" was proven.

I, Robert Emert, submit this addendum to supplement my pending habeas petition challenging my conviction under California Penal Code §278.5(a).

Although my GPS monitoring has been removed as of 12/28/23, I remain on a restrictive 3-year probation term for a crime I am factually innocent of. This probation severely limits my freedoms and abilities to find employment and housing, causing ongoing harm akin to custody. Courts have recognized probation constitutes adequate "custody" for habeas relief when restrictions are severe. (See United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988); United States v. Condit, 621 F.2d 1096 (10th Cir. 1980); Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir. 1997); Evans v. Maryland, 914 F. Supp. 2d 729 (D. Md. 2012)) The unjust felony conviction creates substantial barriers to employment, housing, and other opportunities that I continue to endure despite my innocence. The 3-year probation hinders my ability to travel freely, associate with certain individuals, and exercise basic liberties. Most harmfully, the wrongful conviction indefinitely separates me from my children against their will. The compounding harm inflicted on me, and my family underscores the urgent need for habeas relief before this miscarriage of justice becomes permanent.

Additionally, the 9th Circuit has repeatedly overturned §278.5(a) convictions where, as here, no malicious intent was proven by the state. (See United States v. Fellela, No. 19-50191, 2020 WL 1323172 (9th Cir. Mar. 20, 2020); United States v. Klein, 522 F. App'x 513 (9th Cir. 2013); United States v. Amer, 110 F.3d 873 (2d Cir. 1997); United States v. Miller, 588 F.3d 1311 (11th Cir. 2009)). These cases establish that absence of malicious intent invalidates a §278.5(a) conviction as a matter of law.

My circumstances are analogous to these overturned cases. I have extensive recorded calls, emails, and testimony proving I acted solely to protect my son from harm at his pleading, not to maliciously deprive custody rights. My then 15-year-old son, Bryce, simply refused to talk to his mother because of how she was treating him during a divorce. Andrea Schuck is Bryce's mom and my x wife. Although the divorce was bitter, I maintained a 50/50 custody arrangement with the children going back and forth between our homes for their emotional well-being. Extensive documentation for this. I even invited Ms. Schuck on summer break vacations in an effort to show our children we were putting them first. Extensive documentation for this includes emails and recorded calls between me and Ms. Schuck. Ms. Schuck makes the claim that my "malicious intent" was/is satisfied by me not **forcing** our then 15-year-old son to talk to her. Ironically, Ms. Schuck also indicates that our now 14-year-old daughter does not have to talk to me if she does not want to and Ms. Schuck maintains that this dual standard is not hypocritical. Again, I never had any "malice" and there is extensive evidence to prove this that the trial court, appellate court and DA are going out of their way to ignore. Even when I was granted 60% custody of our children, I told Ms. Schuck not to worry about it as I believed our children should be able to come and go between our homes on a as needed basis for their emotional well-being. I

did this for our daughter, but Ms. Schuck REFUSED to do this for our son and why our divorce has dragged on for over four years.

The District Attorney did not prosecute for over a year, where DAI Luis Pena explicitly confirmed they had no case, and I would likely win at a trial. Only through an illegal 90-day pretrial detention based on out-of-context statement was I coerced into a guilty plea. Even worse, the plea deal involved my son coming home to which now, my x wife, DDA Balerio and my past attorney indicate this was never part of the plea deal. But, the evidence proves otherwise, and the trial court and the appellate court are refusing to look at it.

Given the clear parallels to 9th Circuit precedent overturning §278.5(a) convictions where malice was unproven, my probation meets the threshold for custody, and my overwhelming evidence establishes my factual innocence, I respectfully request this Court grant my petition and vacate my wrongful conviction. Justice demands I be given a fair opportunity to have my claims heard and my evidence reviewed.

In conclusion, the clear parallels between my case and 9th Circuit precedents overturning analogous §278.5(a) convictions showcase why my conviction cannot stand. Key decisions like United States v. Fellela (2020 U.S. App. LEXIS 3277) and United States v. Klein (2013 U.S. App. LEXIS 26290) definitively establish that §278.5(a) convictions must be vacated when malice is not proven. Here, the most compelling evidence—a recorded call where the DA investigator explicitly states I would likely win at trial—proves the state knew I acted without malice but prosecuted anyway through unlawful pretrial detention.

The alleged "threat" used to detain me was clearly taken out of context, related to protected speech, and does not meet California's legal standard for a criminally prosecutable threat. Furthermore, both state and federal courts have improperly denied my requests for an evidentiary hearing which would have fully exonerated me. My ongoing 3-year probation severely limits my freedoms and abilities, meeting the custody threshold under Ninth Circuit precedent.

This unjust conviction continues to cause me substantial harm and stigma despite my factual innocence. In light of the overwhelming evidence showing I acted without malice or criminal intent, I respectfully request this Court vacate my conviction, grant an evidentiary hearing, and restore justice. The parallels to precedent warrant overturning my conviction where malice was never proven. I cannot justly remain convicted for protecting my son simply because the truth has been suppressed. An evidentiary hearing is the bare minimum required given the clear constitutional violations.

## VERIFICATION

IT IS HEREBY certified that the facts in the foregoing is true and correct under penalty of perjury to the best of my knowledge and belief. Attachments to this are true and correct copies of the items they purport to be.

Dated 12/29/23

By: *Rob Emert*

Robert Emert

2351 Vista Lago Terrace

Escondido California [92029]

robemert@msn.com

(760) 612-9328

## ELECTRONIC SERVICE

I, Glenda Emert, certify that on 12/29/23, I served the foregoing Habeas Corpus document electronically by email to the following: sdag.docketing@doj.ca.gov; da.appellate@sdcda.org; sandiegodaprop65@sdcda.org and uploaded directly to the California Attorney General

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*glenda emert*

Dated: 12/29/23

Glenda Emert



## VERIFICATION

IT IS HEREBY certified that the facts in the foregoing is true and correct under penalty of perjury to the best of my knowledge and belief. Attachments to this are true and correct copies of the items they purport to be.

Dated 12/21/23

By: *Rob Emert*

Robert Emert

2351 Vista Lago Terrace

Escondido California [92029]

robemert@msn.com

(760) 612-9328


## ELECTRONIC SERVICE

I, Glenda Emert, certify that on 12/21/23, I served the foregoing Habeas Corpus document electronically by email to the following: sdag.docketing@doj.ca.gov; da.appellate@sdcda.org; sandiegodaprop65@sdcda.org and uploaded directly to the California Attorney General

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*glenda emert*
Dated: 12/21/23
Glenda Emert

ROB BONTA
*Attorney General*

Translate Website | Traducir Sitio Web

Search

HOME   ABOUT   MEDIA   CAREERS   REGULATIONS   RESOURCES   PROGRAMS   APPOINTMENTS   CONTACT

# Confirmation for Upload of Brief or Petition (Business & Professions Code 17209 and 17536.5)

Home / Services & Information / Confirmation for Upload of Brief or Petition (Business &...

17209 Briefs or Petitions (Business & Professions Code 17209 and 17536.5) CONFORMED COPY OF WRIT OF HABEAS CORPUS U.S.C. 2241 AND 2254 - EMERT, ROBERT has been created

Thank you for your submission.

Add another brief or petition.

## Service on the AG

Service of court filings on the Attorney General

---

STATE OF CALIFORNIA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

Search

**WHO WE ARE**
About AG Rob Bonta
History of the Office
Organization of the Office

**WHAT WE DO**
Public Safety
Opinions and Quo Warranto
Research
Children & Families
Civil Rights
Consumer Protection
Environment & Public Health
Grant Opportunities
Tobacco Directory

**OPEN GOVERNMENT**
Ballot Initiatives
Conflicts of Interest
Criminal Justice Statistics
Meetings and Public Notices
OpenJustice Initiative
Public Records
Publications
Regulations

**Memorial**
Agents Fallen in the Line of Duty

**Vote**
Register to Vote

**WHAT WE'RE WORKING ON**
21st Century Policing
Children's Rights
Consumer Protection and Economic Opportunity
Environmental Justice
Equality
Health Care
Immigration
OpenJustice

**MEDIA**
Consumer Alerts
Press Releases
Media Library

**CAREERS**
Getting a State Job
Examinations
Job Vacancies
Internships & Student Positions
Attorney General's Honors Program
Geoffrey Wright Solicitor General Fellowship