UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROB EMERT,<br><br>                          Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                          Respondent. | Case No.: 3:23-cv-2318-JES-VET<br><br>**ORDER:**<br><br>**(1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS and**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

      Petitioner has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. He has also filed an addendum to his Petition and a "Notice of Related Cases." ECF Nos. 3, 4.

### I.    IFP REQUEST

      Petitioner, who is not incarcerated, has filed an application to proceed IFP in lieu of paying the $5.00 filing fee required for petitions for writ of habeas corpus. *See* ECF No. 2. In it, Petitioner states he has no money whatsoever, no job and no income. He lists "N/A" when asked to specify his "housing, transportation, utilities, or loan payments, or other regular monthly expenses." *Id.* at 1–2. He also states, however, that he is "a minor

16 years of age and [is] still in high school." *Id.* at 1. This appears to be a reference to Petitioner's child[1] and not Petitioner himself. Thus, because the application for IFP lacks sufficient information about Petitioner's personal financial status, the Court **DENIES** the application to proceed IFP without prejudice. *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) ("When a claim of poverty is made under section 1915 it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation marks omitted).

## II.    FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

In addition, review of the Petition and supplements shows it must also be dismissed for failure allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge their state court conviction or custodial sentence, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To do so, a petitioner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court has stated: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364*Id.* at 365–66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth

---

[1] Petitioner states his conviction under California Penal Code § 278.5 (deprivation of custody of child or right to visitation) is related to the termination of his parental rights as to his minor son, who is 16 years old. ECF No. 1 at 4–5.

Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.[2] In fact, he indicates he has only sought pre-judgment review in the superior court and appellate court. *See* ECF No. 1 at 5. If Petitioner has raised his claims in the California Supreme Court, he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994).

A habeas petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . .." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### III.   CONCLUSION

Accordingly, the Court **DENIES** the request to proceed in forma pauperis and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must: (1) either pay the $5.00 filing fee or provide adequate proof of his inability to afford the filing fee and (2) file a First Amended Petition which cures the deficiencies outlined above, no later than **February 16, 2024**.

---

[2] The Court notes that abstention may also apply here. The Supreme Court has held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Here, Petitioner states he was scheduled to be sentenced on December 18, 2023. ECF No. 1 at 8. Assuming Petitioner has now been sentenced, there is no indication he has appealed the judgment. Absent extraordinary circumstances, a district court "may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." *Henderson v. Johnson*, 710 F.3d 872, 974 (9th Cir. 2013) (citation omitted).

**IT IS SO ORDERED.**

Dated: January 9, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge