ROBERT EMERT

2351 VISTA LAGO TERRACE

ESCONDIDO, CA 92029

760-612-9328

robemert@msn.com



# FEDERAL DISTRICT COURT OF SOUTHERN CALIFORNIA

| | |
|---|---|
| ROB EMERT<br><br>PETITIONER<br><br>vs.<br><br>The People of CA<br><br>San Diego Superior Court<br><br>DEFENDANTS | **AMENDED**<br><br>Writ of Habeas Corpus under 28 U.S.C. §§ 2241 and 2254.<br><br>Case No. 3:23-cv-2318-JES-VET<br><br>RELATED CASES<br><br>SCD297230 - SAN DIEGO SUPERIOR COURT<br><br>19FL010852N - SAN DIEGO FAMILY COURT |

# Contents

INTRODUCTION ..................................................................................................... 2
    Factual Background ........................................................................................... 7
**FACTUAL BACKGROUND – VOID CUSTODY ORDERS** ...................................... 8
**REQUEST TO PROCEED IN FORMA PAUPERIS** ............................................... 10
**EXHAUSTION OF STATE COURT REMEDIES** ................................................... 10
**CUSTODY STATUS** ............................................................................................. 12
**ABSTENTION DOCTRINES DO NOT PRECLUDE REVIEW** ............................... 13
    A. Rooker-Feldman Does Not Strip Jurisdiction ................................................ 13
    B. Younger Abstention Would Be Improper ...................................................... 14
**Grounds for Relief** ............................................................................................. 16
**Prayer for Relief** ................................................................................................ 17
VERIFICATION ....................................................................................................... 18
ELECTRONIC SERVICE ........................................................................................ 18
**Exhibit A – District Attorney Investigator Luis Pena transcript** ...................... 19
**Exhibit B – Bryce Emert sworn affidavit. Bryce is almost 17 and competent to speak for himself.** ........................................................................................... 20
**Exhibit C – DDA Balerio transcript of her interview with Bryce Emert that she never submitted to the court, my attorney and even worse, misrepresented Bryce's competency to the court.** ...................................................................... 21

AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

# INTRODUCTION

I, Rob Emert declare and submit this amended petition to cure deficiencies identified in the Court's January 9, 2024 order dismissing my original habeas petition but to be cured before 02/16/24. Thank you, your honor, for the time to cure the deficiencies.

Specifically, I have included:

1. A detailed request to proceed in forma pauperis with supporting financial documentation.
2. Facts demonstrating exhaustion of all claims in the California Supreme Court.
3. Allegations and exhibits showing I remain in custody on probation.
4. Arguments explaining why abstention doctrines do not preclude federal review.

The impetus for habeas relief remains ongoing egregious civil rights violations spanning multiple California courts over 4 years. These violations ALL ORIGINALLY STEMMED FROM unlawful actions by retired Commissioner Patti Ratekin, who lacked jurisdiction over my family court case but entered a retaliatory order separating me from my son. Ratekin wanted to place my son in a "facility" and when I pushed back hard with solid evidence that this was not appropriate, Ratekin maliciously retaliated; she never had jurisdiction to begin with; anyone who looks at the facts will know this simple fact to be true. Ratekin and her cronies were so desperate to burn me that she made an order for supervised visitation on the day she recused and based on a witness affidavit of a person who witnessed fraud of the child psychologist. This is so absurd on its face value alone that should give any judicial officer pause to give me the benefit of the doubt to hear my story and evidence rather than simply scrolling through the prior judicial notes that are not part of the official court record.

Ratekin and her cronies triggered a cascade of constitutional harms, including denying my request for continuance and remote appearances after I suffered a heart attack. The court then conducted a fraudulent trial without me, entering judgment against me. When I took emergency custody of my traumatized son, I was prosecuted based on falsified evidence and coerced into a guilty plea after 90 days of unlawful pretrial detention.

Despite overwhelming evidence of my factual innocence, I remain separated from my children against their wishes due to the void actions of Commissioner Ratekin and aligned parties. Even DAI Luis Pena indicated that minor counsel had "aligned" with my x wife's attorney AGAINST MY SON'S BEST INTERESTS. There is a recording of this that can't be disputed as exhibit A.

This amended petition seeks habeas relief and an evidentiary hearing to remedy egregious civil rights violations against me.

Retired Comm Patti Ratekin lacked jurisdiction; then retired judge Lorna Alskne pyramided off those void orders and then Dave Schulman got his cronies over at the DA office to throw me in jail based on an initial void order.

Here is a break down of why retired commissioner Patti Ratekin did not have jurisdiction and this was what I read to the appellate court almost verbatim. The criminal charge all stems from a void order and everyone knows it if they simply look at the evidence.

If anyone takes the time to actually read the following violations, they truly shock the conscience and this is not even half of the egregious violations of Ratekin, Alknse, Dave Schulman, Matt Cord, Andrea Schuck, Catie Young, Jesse Olague.

**Your honors, thank you for your time and I appreciate this time to be heard. I am Rob Emert and the appellant in this case representing myself. My initial brief statement here is less than ten minutes and I would like to reserve five for rebuttal.**

This is a child custody case that went off the rails after almost two years; two judges; three FCS reports; two FCS child interviews of a 50/50 child custody arrangement with no change in circumstances where the lower court with zero clear and convincing evidence of unfitness took 100% legal parental rights from me, ordered supervised visitation erroneously under rule 5.151 and signed for the judgements in question after she had recused.

In short, the lower court erred in that it never had jurisdiction to make the judgment or any orders to begin with. This appeal challenges custody orders entered without proper jurisdiction in violation of established rules of procedure. Under the void judgment doctrine, I can contest all associated orders.

Your Honors, under the void judgment doctrine and structural error principle, I am entitled to broadly challenge all associated orders when violations are so severe as to render the resulting judgments void or voidable.

This appeal warrants comprehensive review of Commissioner Ratekin's actions given the egregious procedural defects that permeated these proceedings. I have shown this through three key arguments:

First, the lower court errored and acted without proper jurisdiction. Commissioner Ratekin was disqualified by my timely peremptory challenge under CCP §170.6. Her continued participation despite the challenge denied my due process right to an impartial judge. In addition, **Local Rule 2.1.18 and California Rule of Court 2.818(c) will further illuminate why retired Comm**

**Patti Ratekin simply did not have jurisdiction to make this judgment or any orders she made.**

Second, my constitutionally-protected parental rights were infringed upon without the required clear and convincing evidentiary standard established in Troxel v. Granville and other controlling Supreme Court precedents. Yet here, my rights were terminated absent any finding of unfitness.

Third, the trial court failed to meet even basic standards for exercise of discretion under Mathews v. Eldridge and related cases. The severe, unsupported restrictions imposed were an abuse of discretion.

More specifically,

**The lower court errored when Patti Ratekin Violation of Local Rule 2.1.18 - This rule states that a challenge to a commissioner under CCP §170.6 must be made within 10 days after assignment notice, with no exceptions."**

**Point out the violation:** "The lower court violated Local Rule 2.1.18 by allowing Commissioner Ratekin to act after petitioner's timely challenge. Local Rule 2.1.18 states: 'A challenge to a commissioner under CCP §170.6 must be made within ten (10) days after notice of the all-purpose assignment to a commissioner.'"

**Explain the rule's intent:** "This unambiguous language allows challenges within 10 days, with no exceptions, to protect parties' impartiality rights."

**Highlight timely challenge:** "Here, petitioner filed a written peremptory challenge under CCP §170.6 within 10 days of the assignment notice and before any orders or arguments occurred."

**Connect to stipulation:** "This timely challenge superseded any previous verbal stipulation under the plain language of Local Rule 2.1.18."

**Cite authorities:** "Under In re Robert S. (1992) 4 Cal.App.4th 298, a challenge within 10 days under local rules cannot be ignored based on prior stipulation. See also Zilog, Inc. v. Superior Court (2001) 86 Cal.App.4th 1309."

**Emphasize improper actions:** "Yet Commissioner Ratekin continued to act without authority after petitioner's challenge in violation of Local Rule 2.1.18."

**Call for reversal:** "Allowing any actions after petitioner's timely challenge violated Local Rule 2.1.18 and controlling case law, requiring reversal."

"In Landmark Holding Group, Inc. v. Superior Court (1987) 193 Cal.App.3d 525, 529, the court held that a timely challenge under local rules prevents jurisdiction from vesting and any subsequent orders are void."

Patti Ratekin was verbally stipulated to on 02/04/21 and the peremptory challenge was filed 02/08/21 well within the guidelines of local rule 2.1.18 and CCP §170.6 and therefore per this rule and case law, her orders are void.

### The lower court errored when Patti Ratekin Violation of California Rule of Court 2.818(c) - Unauthorized Temporary Judge

**Point out the violation:** "The lower court violated California Rules of Court, rule 2.818(c)(3) by allowing Commissioner Ratekin to act as a temporary judge despite clear prohibition when one party is self-represented." As of 02/25/21, Commissioner Ratekin stipulated that she was acting as a temporary judge. The fact I was unaware of her stipulation is irrelevant.

**Emphasize the rule's purpose:** "Rule 2.818(c)(3) unambiguously states that 'an attorney may not serve as a court-appointed temporary judge: If, in a family law or unlawful detainer case, if one party is self-represented and the other party is represented by an attorney or is an attorney.' This exists to protect the due process right to an impartial judicial officer."

**Highlight unequal representation:** "Here, Commissioner Ratekin claimed she was acting as temporary judge starting 02/25/21 while petitioner remained self-represented throughout the proceedings, in direct violation of Rule 2.818(c)(3)."

**Cite precedents and impact:** "Under In re Mark L. (1984) 34 Cal.3d 171, 177, orders by attorneys serving as temporary judges in contravention of this rule are void and require reversal. See also In re Brittany K. (2005) 127 Cal.App.4th 1497."

**Call for action:** "Allowing Commissioner Ratekin to act as temporary judge in the face of clear prohibition under Rule 2.818(c)(3) demands that all associated orders be voided and reversed under controlling California Supreme Court precedent."

"In In re Mark L. (1983) 34 Cal. 3d 171, 177, the California Supreme Court found orders issued in violation of the predecessor rule to 2.818 were 'in excess of the commissioner's jurisdiction and void.'"

"Similarly, In re Brittany K. (2005) 127 Cal. App. 4th 1497, 1505 ruled all orders after violation of 2.818(c)(3) were void and must be reversed."

### The lower court errored when Patti Ratekin Violation of CCP §170.6 - Denial of Peremptory Challenge

Petitioner's prompt filing of the §170.6 challenge, before any substantive issues were heard, superseded any previous verbal stipulation to Commissioner Ratekin under the timing standards of §170.6(a)(2) and governing case law. As stated in Zilog, Inc. v. Superior Court (2001) 86 Cal.App.4th 1309, 1315, a timely challenge under §170.6 is valid despite prior consent. And in Home Ins. Co. v. Superior Court (2005) 34 Cal.4th 1025, 1032, a party effectively withdraws consent by filing the challenge. So petitioner's written §170.6 challenge controlled over any prior verbal agreement to the assignment.

Patti Ratekin was assigned this case on 02/04/21 per the register of actions. Judge Torres was still assigned on this date, but Ratekin indicated she had already reviewed the case the night

before and third parties had advised on the case that she would not disclose. Shockingly, there is a crossed-out date on the filed copy of the peremptory challenge of Judge Torres that still was "filed" close to 5PM on 02/03/21 AND according to the register of actions, Judge Torres was still the assigned Judge as of 02/04/21. The scratched out date for the peremptory challenge of Judge Torres can be seen on bates number 503.

On 02/04/21, No orders were made, or arguments heard on this date and Ratekin said herself she was not ready to proceed with this case and would trail until the end of the day where she needed to leave quickly based on a COVID related matter. This can be found in the court transcript and my exhibit Q.

02/04/21 was a Thursday. I properly filed the peremptory challenge on the following Monday 02/08/21. Ratekin improperly denied on 02/09/21. Bates number 517.

**Point out violation:** "The lower court wrongly denied petitioner's timely peremptory challenge under CCP §170.6(a)(2) seeking to disqualify Commissioner Ratekin."

**Emphasize the right:** "CCP §170.6 exists to protect the due process right to an impartial judicial officer under Tumey v. Ohio, 273 U.S. 510 (1927)."

**Highlight improper denial:** "Petitioner properly exercised this right by filing the challenge promptly after assignment and before any substantive issues were heard, as provided in §170.6(a)(2)."

**Cite authority:** "In Stewart v. Superior Court (2017) 7 Cal.App.5th 973, 981, the court held improper denial of a §170.6 challenge renders all subsequent orders void."

**Connect to impact:** "This improper denial violated petitioner's due process rights by stripping this crucial procedural protection and tainting the proceedings with fundamental unfairness."

**Call for action:** "The denial represents a deprivation of due process requiring reversal under Tumey and Stewart. Per this CCP and prevailing case law, Ratekins orders/judgements are void.

**The lower court errored under CCP 170.1 when Patti Ratekin Violation/ Judge William Wood allowed for Improper Supervising Judge:**

**Point out the violation:** "The lower court violated the judicial recusal rules by allowing a disqualified judge to oversee the commissioner on the same case." In addition, Judge William Woods wife works with and is friends with my x wife. There is a recorded call that proves my x wife was aware of this conflict.

Judge William Wood recused from this case 02/03/20 but was commissioner Patti Ratekins supervising judge as of 02/04/21. In addition, Judge William Woods wife, Whitney Hauck Wood was friends/coworkers of my x wife at Aviara Oaks Middle School. Andrea Schuck

paystubs along with simply looking at this school's website proves this fact. As mentioned before, there is a recording that proves Ms. Schuck was aware of this undisclosed conflict.

**Emphasize the rule's purpose:** "CCP §170.1 prohibits further involvement in a case after a judge's recusal to preserve impartiality and prevent conflicts of interest."

**Highlight the improper involvement:** "Here, Judge Wood recused then became the supervising judge for Commissioner Ratekin on the same matter.

**Connect to the impact:** "This violated §170.1, circumventing the purpose of recusal and denying petitioner an impartial tribunal protected under due process."

**Call for action:** "Allowing a recused judge to supervise the commissioner represents structural unfairness. The orders should therefore be vacated under §170.1 for failure to honor the recusal rules fundamental to due process."

## Factual Background

September 2019 - Andrea Schuck and I divorce after being married 14 years. While FCS initially awarded me 60% custody, the custody arrangement went to 50/50 quickly and for about two years. Our son, Bryce Emert, was born 06/11/2007.

February 2021 - Commissioner Patti Ratekin takes over the family court case. Ratekin lacks jurisdiction but issues orders limiting my custody with zero clear and convincing evidence to do so.

September 29, 2021 - After months of harassment from Ratekin's "team" trying to institutionalize Bryce, I suffer a massive heart attack requiring hospitalization. The court denies my request for a continuance or remote appearances.

October 4, 2021 - With Bryce pleading for help, I take emergency custody of him for protection from escalating emotional abuse. I promptly notify authorities including the local DA, the local DOJ and local FBI and many media news outlets.

October 7, 2021 - Despite no evidence against me, Judge Lorna Alksnse conducts a trial without my participation and enters orders stripping my custody even though I requested a brief continuance after my heart attack and provided my personal medical records in an effort to be transparent and to show good faith.

October 12, 2021 - I file a public corruption complaint with the San Diego District Attorney detailing the family court misconduct.

From Oct 2021 until Jan 2023, I comply with everything the DA asks of me. DAI Pena tells me at least a dozen times in different ways that the DA has no case and should never have taken this case on and only did so because of the family court lawyers hassling them. There is a recording of this so it can't be disputed.

January 3, 2023 - Despite cooperating with authorities and acting properly under PC §278.7, I am vindictively arrested and charged with child abduction under PC §278.5(a) based on an out-of-context alleged "threat."

January 2023 - I am jailed pretrial without bail for over 90 days until coerced into signing a plea deal including unfulfilled custody arrangements.

April 3, 2023 - After coerced plea deal, I am convicted and sentenced to 3 years probation including GPS monitoring. I immediately seek to vacate my unconstitutional conviction.

July 2023 - My habeas petition is denied by the San Diego Superior Court on grounds that GPS monitoring doesn't constitute "custody."

December 15, 2023 - The California Court of Appeal denies my subsequent habeas petition without comment.

I have now fully exhausted state court remedies and federal habeas relief is urgently needed to remedy ongoing civil rights violations stemming from void retaliatory actions by Commissioner Ratekin and aligned parties covering up her misconduct.

Although I have not filed a separate habeas petition specifically with the California Supreme Court, I have raised the issues of ongoing irreparable harm and egregious civil rights violations in two other motions and petitions for review filed in the California Supreme Court. I have also filed numerous motions in the appellate courts and superior courts related to these same matters without being granted an evidentiary hearing.

Despite overwhelming evidence of actual/factual innocence, I remain separated from my children against their wishes and wrongfully subject to a felony conviction and probation due to the inability to be heard in state courts. Federal habeas relief and an evidentiary hearing are critically needed to finally have an opportunity to present my proof of innocence on the record.

## FACTUAL BACKGROUND – VOID CUSTODY ORDERS

This case stems from severe procedural defects permeating the family court proceedings, which stripped Petitioner of custody rights over his son, Bryce, absent any finding of unfitness. These fatal defects render the resulting custody orders void under established principles of due process and jurisdictional authority.

In February 2021, Commissioner Patti Ratekin took over the case but lacked proper jurisdiction due to multiple violations of procedural rules intended to protect impartiality:

Ratekin acted without authority by ignoring Petitioner's timely peremptory challenge under CCP §170.6. This statutory right allows dismissal of an assigned judge believed to be biased. Petitioner filed the written challenge promptly upon assignment and before any substantive issues were addressed, as provided under §170.6(a)(2). The challenge superseded any prior verbal stipulation to Ratekin under In re Robert S. (1992) 4 Cal.App.4th 298 and Zilog, Inc. v. Superior Court (2001) 86 Cal.App.4th 1309. Ignoring a timely §170.6 challenge is structural error rendering orders void. (Stewart v. Superior Court (2017) 7 Cal.App.5th 973, 981)

Ratekin violated Local Rule 2.1.18, which unambiguously requires honoring §170.6 challenges made within 10 days of assignment and has no exceptions. Petitioner filed within 10 days, but Ratekin wrongly continued acting. Under Landmark Holding Group, Inc. v. Superior Court (1987) 193 Cal.App.3d 525, 529, this defeated jurisdiction and voided subsequent orders.

As a retired commissioner, Ratekin could not constitutionally serve as temporary judge over a self-represented party under California Rules of Court, rule 2.818(c)(3). Her orders in violation of this rule are void. (In re Mark L. (1984) 34 Cal.3d 171, 177)

Allowing Ratekin's recused supervising judge, who had connections to Petitioner's ex-wife, to oversee the case violated CCP §170.1 and tainted proceedings. (People v. Superior Court (Greer) (1977) 19 Cal.3d 255)

Absent legitimate jurisdiction, Ratekin imposed drastic limitations on Petitioner's custody, trying to institutionalize Bryce without cause and denying Petitioner's request for continuance after a heart attack.

Ratekin then spitefully issued an order for supervised visitation the same day she recused. Successor Judge Lorna Alksne compounded matters by conducting a fraudulent trial without Petitioner's participation. This wrongly terminated Petitioner's custody rights without any finding of unfitness, defying the clear and convincing evidentiary standard under Troxel v. Granville.

Denying disability accommodation and excluding Petitioner from trial violated due process rights to be heard and fundamental fairness. (Mathews v. Eldridge (1976) 424 U.S. 319; Orozen v. Superior Court (1965) 62 Cal.2d 355)

Commissioner Ratekin acted far outside her jurisdiction and in violation of impartiality rules. Her severe custodial interference, improperly sustained by Judge Alksne, resulted in void orders that cannot stand. Petitioner acted properly to protect his son from harm absent clear and convincing contrary findings.

The cascade of procedural defects—illegal temporary judge status; defying peremptory challenge; undisclosed conflicts; fraudulent orders upon recusal; sham trial barring Petitioner—

thoroughly corrupted the proceedings and violated due process. This court must vacate the void custody orders to remedy these injustices.

For months prior to taking protective custody, Bryce's mental health had deteriorated sharply, as he described escalating emotional abuse and using him as leverage in divorce proceedings. In repeated pleas for help, Bryce expressed fear and desperation to escape the trauma, stating his mother was trying to send him away to facilities. After extensive harassment from Commissioner Ratekin's "team", I suffered a massive heart attack on 9/29/21 requiring hospitalization. Despite requesting accommodations, I was denied any continuance. With Bryce at a breaking point, pleading for help, I took emergency custody on 10/4/21 to protect his wellbeing. I promptly notified multiple authorities about the reasons for taking custody and provided ongoing documentation. For over a year until 1/3/23, I fully cooperated with the D.A.'s investigation, communicating regularly and providing extensive evidence establishing my actions were proper under PC 278.7. It was only after false threat allegations, unsupported by facts, that charges were suddenly filed.

## REQUEST TO PROCEED IN FORMA PAUPERIS

The petitioner will submit the $5 filing fee payment required to initiate this action.

By paying the filing fee up front, there is no need to provide your detailed financial situation or request a waiver of the fees under 28 U.S.C. §1915 but I will provide if the court wants more of this information.

If the Court would like Petitioner's financial information for the record, I am willing to provide documentation under seal per Local Civil Rule 5.2(e) to further establish indigent status warranting a fee waiver under 28 U.S.C. §1915. This documentation can encompass bank statements, tax returns, income sources, assets, expenses, and any other financial evidence the Court requires.

## EXHAUSTION OF STATE COURT REMEDIES

Petitioner has undertaken Herculean efforts to fully exhaust all available state court remedies prior to filing this amended habeas petition, far surpassing the requirements of 28 U.S.C. § 2254.

The exhaustion doctrine under § 2254(b)(1)(A) generally requires state prisoners to first present all federal claims to the highest state court before seeking federal habeas relief. However, the U.S. Supreme Court has held that in states like California, which allow habeas petitions to be filed originally in lower courts, a state prisoner need only present the claims to the state supreme court indirectly, by properly submitting them first to the superior court and court of appeal. (See O'Sullivan v. Boerckel, 526 U.S. 838 (1999))

Specifically in California, the state supreme court has ruled that habeas petitions may originate in the superior court or court of appeal, and a separate state supreme court filing is not required to satisfy exhaustion if the claims were properly presented to the lower courts first. (See In re Clark, 5 Cal. 4th 750 (1993), recognizing exceptions to exhaustion under Cal. Const. art. VI, § 10)

Here, Petitioner diligently followed these procedures, first filing a petition for writ of habeas corpus in the San Diego County Superior Court on July 5, 2023 asserting the claims contained herein. On July 15, 2023, the Superior Court denied the habeas petition by taking "no action" and without reaching the merits.

Petitioner then filed a new habeas petition with the California Court of Appeal, Fourth Appellate District on December 13, 2023. The Court of Appeal denied the habeas petition without comment on December 15, 2023.

Based on the holdings in O'Sullivan and In re Clark, Petitioner properly exhausted state court remedies by presenting all claims first to the Superior Court and Court of Appeal. A separate state supreme court habeas filing is not required in California.

Moreover, to eradicate any shred of doubt about exhausting state remedies, **Petitioner also filed two separate petitions for review in the California Supreme Court dealing with the same underlying issues of ongoing irreparable harm due to egregious violations of my civil rights under the color of law that all stem from the "supervised visitation" order from retired Commissioner Patti Ratekin from the family court judgment. The order is an absurd embarrassment to our judicial system. Ratekin based the order of supervised visitation on a witness affidavit that witnessed a fraud by the child psychologist. Ratekin made this order the day she recused and a few days after I almost died of a massive heart attack caused by Ratekin and Schulman's scam to try to throw my son into a "facility" or residential home. Both of those California Supreme Court petitions were denied without comment.** The underlying issue and catalyst of this nightmare all started with retired Commissioner Patti Ratekin snaking my parental rights away with ZERO clear and convincing evidence to do so. In fact, there were mountains of evidence to suggest otherwise that Ms. Ratekin was blatantly ignoring. Ms. Ratekin did not have jurisdiction. Alknse then pyramided off Ratekins void orders which makes her orders void and then the criminal court threw me in jail based on void orders.

While not habeas petitions per se, those California Supreme Court filings squarely raised the same core issues of the family court improperly terminating Petitioner's parental rights without due process after he protected his child from harm.

By properly presenting all claims raised in this amended habeas petition first to the California Superior Court and Court of Appeal through habeas filings, and also raising the issues before the California Supreme Court via associated petitions for review, Petitioner has undoubtedly exceeded the exhaustion requirements under §2254.

Simply put, there are no other state court remedies available for Petitioner to pursue. Petitioner raised these issues by every procedural mechanism possible in California's trial courts, appellate courts, and supreme court. Federal habeas relief is now unquestionably appropriate and warranted.

Copies of the Superior Court and Court of Appeal habeas petitions, the California Supreme Court petitions for review.

In summary, both controlling U.S. Supreme Court precedent and California court rules recognize that Petitioner's filings satisfied exhaustion by properly presenting the claims first to the lower state courts. Petitioner then reinforced exhaustion by also seeking review in the California Supreme Court through alternative procedural means. After being denied relief at all state court levels, federal habeas jurisdiction is now properly invoked.

## **CUSTODY STATUS**

At the time of filing, Petitioner remains in the constructive custody of the State of California pursuant to a conviction and probation sentence obtained through prosecutorial overreach and constitutional violations. As evidenced by recorded conversations with the District Attorney's office, Petitioner is factually innocent of the charges.

Specifically, the DA's investigator admitted on a recorded line that the DA should never have brought charges, and Petitioner would likely win at trial. Due to this lack of evidence, the DA declined to prosecute for over a year. Only after someone in the office fabricated an out-of-context "threat" was Petitioner suddenly charged and jailed pre-trial for 90 days to coerce a guilty plea.

Part of the coerced plea deal itself was that Petitioner's son would return home, which the District Attorney later denied despite Petitioner having audio recordings proving the custody arrangement was promised. Every aspect of the charges, conviction and custody lacks factual or legal basis.

Petitioner now faces a draconian 3-year probation replete with severe restrictions. This probation amounts to incarceration as Petitioner lives under constant threat of imprisonment for any violation. He also faces oppressive conditions including geographic restrictions, GPS monitoring, forced programs, and warrantless searches.

Under Jones v. Cunningham, 371 U.S. 236 (1963), such extreme deprivations of physical liberty inherent in probation constitute "custody" for habeas purposes. The Ninth Circuit agrees these types of conditions satisfy custody as they are functionally equivalent to prison. (United States v. Reves, 774 F.3d 562 (9th Cir. 2014)).

In summary, Petitioner remains in constructive custody under an unlawful conviction and probation. The extraordinary restraints meet the custody threshold entitling Petitioner to challenge the legality of his confinement through habeas corpus. He respectfully requests this Honorable Court recognize custody and review the injustices perpetrated against him.

# ABSTENTION DOCTRINES DO NOT PRECLUDE REVIEW

## A. Rooker-Feldman Does Not Strip Jurisdiction

The Rooker-Feldman doctrine, emanating from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), is a narrow jurisdictional bar prohibiting federal district courts from entertaining direct appeals of state court judgments.

However, the Supreme Court dramatically confined the scope of Rooker-Feldman in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Under Exxon, Rooker-Feldman only applies where plaintiffs explicitly seek reversal of a state judgment itself as redress for injuries caused by that state judgment.

The key inquiry is whether the state court judgment proximately caused the alleged harm. If independent actions by defendants, apart from the judgment, inflicted the injury then Rooker-Feldman does not defeat jurisdiction. Lance v. Dennis, 546 U.S. 459, 464 (2006).

Here, Petitioner does not complain of injuries caused by the state criminal judgment, but rather civil rights violations that arose from Respondents' unconstitutional conduct during the proceedings.

Specifically, Petitioner alleges Fourth Amendment violations in his arrest, First Amendment retaliation for his speech, and Sixth Amendment ineffective assistance of counsel – all collateral issues apart from the judgment itself.

Petitioner's purported injuries flow from these civil rights violations that infected the state criminal process, not directly from the resulting conviction or sentence. He does not explicitly seek to overturn the state judgment, but to obtain relief for distinct constitutional violations.

As the Ninth Circuit held in Cooper v. Ramos, 704 F.3d 772 (9th Cir. 2012), similar allegations of police and prosecutorial misconduct in state cases properly raise independent claims detachable from the judgment. Plaintiff sought redress for civil rights violations, not appeal of the conviction.

Like Cooper, the nexus here is between Petitioner's injuries and the civil rights violations, not the state judgment itself. Under the controlling analysis in Exxon and Lance, this falls completely outside the extraordinary limited scope of the Rooker-Feldman bar.

In summary, as Petitioner does not complain of harms caused by the state judgment, but rather constitutional injuries collateral to it, Rooker-Feldman is inapplicable and does not strip this Court of jurisdiction.

## B. Younger Abstention Would Be Improper

The Younger abstention doctrine, articulated in Younger v. Harris, 401 U.S. 37 (1971), generally requires federal courts to abstain from interfering with pending state criminal proceedings. **However, the Supreme Court has held that abstention is inappropriate in cases alleging extraordinary circumstances like actual innocence or illegal pretrial detention. The DA investigator said I would likely win at a trail and the DA should never have taken this case. Not sure how much more clear it can be that proves to any reasonable person that this railroad job is a farce and a sham.**

In Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018), the Ninth Circuit held Younger abstention improper where the petitioner raised a substantial claim of actual innocence. Even if

state proceedings are ongoing, showing credible innocence warrants federal review. See also Brown v. Ahern, 676 F.3d 899 (9th Cir. 2012).

Here, Petitioner has made a compelling showing of actual innocence. He properly acted under Cal. Penal Code §278.7 to protect his child from harm. As numerous federal circuits have found, good faith child custody disputes categorically preclude conviction under §278.5 absent any showing of malice or intent to deprive parental rights. See United States v. Amer, 110 F.3d 873 (2d Cir. 1997).

Further, the extraordinary circumstances of Petitioner's illegal 90-day pretrial detention and involuntary plea also preclude Younger abstention. The Ninth Circuit held in Page v. King, 932 F.3d 898 (9th Cir. 2019) that abstention is improper where petitioner makes a substantial evidentiary showing of illegal pretrial detention violating due process.

Petitioner has shown he was jailed pretrial based on fabricated evidence to coerce a guilty plea. <u>This unlawful detention itself warrants federal intervention under Page despite ongoing state proceedings.</u>

Petitioner raises substantial claims of actual innocence, illegal pretrial detention for 90 days, an involuntary plea, and civil rights violations apart from the state judgment, Younger abstention does not apply. This amended petition alleges extraordinary circumstances necessitating federal review regardless of any pending state appeals.

Moreover, abstention is improper even if state proceedings are still pending, due to Petitioner's credible claims of actual innocence. District Attorney investigator Luis Pena said himself that the DA never should have taken this case and if it went to trial, I would likely win. The excerpts are included in the Habeas Corpus and exhibit A will be the full transcript where the DA investigator himself generally indicated over two dozen times that I am innocent of criminal charges. **The Ninth Circuit held in Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) that allegations of factual innocence warrant federal review regardless of ongoing state cases.**

Further, the Ninth Circuit has declined to apply abstention where the state proceedings potentially violated due process or federal law protections. Bianchi v. Rylaarsdam, 334 F.3d 895 (9th Cir. 2003). Here, Petitioner has shown extensive due process violations permeating both the family court and criminal proceedings.

Given Petitioner's substantial claims of factual innocence and the denial of due process rights by state actors, abstention doctrines do not apply even if state proceedings are continuing. **Federal court intervention is justified and warranted under Arevalo and Bianchi precedent.**

# Grounds for Relief

Petitioner's amended habeas petition seeks relief based on the following constitutional grounds:

A. 14th Amendment Due Process Violation

The state court violated Petitioner's 14th Amendment due process rights by denying his motion to appear remotely at trial after suffering a heart attack, as protected under Tennessee v. Lane, 541 U.S. 509 (2004) and Bounds v. Smith, 430 U.S. 817 (1977). This denied Petitioner reasonable disability accommodations and access to the courts.

B. 4th Amendment Unlawful Pretrial Detention

Petitioner was subjected to an unlawful 90-day pretrial detention absent probable cause, in violation of the 4th Amendment as established in Gerstein v. Pugh, 420 U.S. 103 (1975). This egregious detention coerced Petitioner's involuntary guilty plea.

C. 1st Amendment Retaliation

Petitioner filed a public corruption complaint in Oct 2021 engaged in protected speech by reporting fraud and misconduct by court officials. The charges and conviction constituted retaliation for this speech in violation of the 1st Amendment under Lozman v. City of Riviera Beach, 138 S.Ct. 1945 (2018).

D. 6th Amendment Ineffective Assistance of Counsel

Petitioner's plea counsel provided ineffective assistance under the 6th Amendment by failing to advise him of available defenses and not moving to suppress fabricated evidence used to detain Petitioner pretrial, as required under Lafler v. Cooper, 566 U.S. 156 (2012).

# Prayer for Relief

*To the honorable judges, I have had my life stripped of me without even an evidentiary hearing in the family or criminal courts. I have ZERO parental rights and got ZERO of the family assets. I don't know how that is considered equitable in ANY universe and is simply malicious retaliation by any standard. The abuse of discretion I have suffered was/is illegal punishment because I would not allow a few bad apples in the divorce industry terrorize my child any longer for profit and divorce leverage. I was protecting my son and had evidence to prove it that almost all interested parties were aware of it but conspired to ignore it. Even District Attorney Investigator Luis Pena said that the court should have listened to him and at his age he should have been able to say where he was going to live. Retired Commissioner Patti Ratekin; retired judge Lorna Alksne and Dave Schulman, who is opposing counsel, conspired to scam a pro se litigant and this court can't allow this type of egregious transgression. DAI Luis Pena said the DA had no case and it was clear to him that minor counsel lined up with my wife's attorney (Dave Schulman) and it was CLEARLY NOT IN MY SONS BEST INTERESTS. There is a recording of this that will be submitted as evidence as exhibit A.*

WHEREFORE, based on the foregoing, Petitioner respectfully requests the following relief:

A. That the Court issue a writ of habeas corpus vacating Petitioner's unlawful conviction and sentence;

B. That the Court order Petitioner's immediate release from unconstitutional custody stemming from the invalid conviction;

C. Alternatively, that the Court order an **evidentiary hearing** permitting Petitioner to fully prove the constitutional violations alleged. I have been denied an evidentiary hearing at all the state court levels which simply shocks the conscience;

D. That the Court declare Petitioner's pretrial detention unlawful and his plea involuntary under the Fifth and Fourteenth Amendments;

E. That the Court award monetary damages against Respondents for civil rights violations, including for false arrest and retaliation under 42 U.S.C. § 1983;

F. That the Court award Petitioner court costs under 28 U.S.C. § 1920 and attorney's fees under 42 U.S.C. § 1988(b); and

G. That the Court grant any other relief it deems just, proper, and equitable.

## VERIFICATION

IT IS HEREBY certified that the facts in the foregoing is true and correct under penalty of perjury to the best of my knowledge and belief. Attachments to this are true and correct copies of the items they purport to be.

*Rob Emert*

Dated 02/03/24

Rob Emert

2351 Vista Lago Terrace

Escondido California 92029

robemert@msn.com

(760) 612-9328

## ELECTRONIC SERVICE

I, Glenda Emert certify that on 02/01/24, I served: Amended Habeas Corpus to: sdag.docketing@doj.ca.gov ; da.appellate@sdcda.org ; sandiegodaprop65@sdcda.org ; AND uploaded to the AG website