UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROB EMERT,<br><br>                        Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>                        Respondent. | Case No.: 3:23-cv-2318-JES-VET<br><br>**ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

## I. BACKGROUND

On December 20, 2023, Petitioner submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On January 2, 2024, the Court denied Petitioner's IFP application and dismissed the Petition without prejudice. ECF No 5. The Court notified Petitioner that in order to have his case reopened, he must (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition curing the pleading deficiencies outlined in the Court's Order, no later than February 16, 2024. *See id.* at 3. On February 13, 2024, Petitioner submitted the $5.00 filing fee, along with a First Amended Petition. *See* ECF Nos. 6, 7.

**II.  FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Review of the First Amended Petition and attachments show it must also be dismissed for failure to allege exhaustion of state judicial remedies. As discussed in this Court's previous Order, habeas petitioners who wish to challenge their state court conviction or custodial sentence, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To do so, a petitioner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court has stated: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366.

Nowhere on the First Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he indicates he has only sought state habeas relief in the superior court and appellate court. *See* ECF No. 6 at 12. To the extent Petitioner states he need not seek relief from the judgement of conviction in the California Supreme Court in order to exhaust state judicial remedies, he is mistaken. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("To exhaust a habeas claim properly, a petitioner must present his claim to the state supreme court even if that court's review is discretionary.") Petitioner states he filed petitions for review in the California Supreme Court (ECF No. 9 at 9, 12), but those petitions related to his family court

proceedings, not the conviction from which he is currently "in custody."[1] "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994).

A habeas petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . .." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### III.   FAILURE TO NAME A PROPER RESPONDENT

Petitioner has also failed to name a proper respondent. On federal habeas, a petitioner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). If a "petitioner is on probation or parole, he may name

---

[1] Petitioner states he was sentenced to three months' probation on April 3, 2023, after pleading guilty to violating California Penal Code § 278.5(a) (deprivation of custody of child or right to visitation). ECF No. 6 at 9.

his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner names "The People of the State of California" and "San Diego Superior Court" as Respondents. ECF No. 6 at 1. A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.

## IV.   CONCLUSION

Accordingly, the Court **DISMISSES** the case without prejudice. Petitioner is advised that if he has not submitted a Second Amended Petition which names a proper respondent and adequately alleges exhaustion of his state court remedies before **March 29, 2024**, the case will be dismissed without further leave to amend and Petitioner will have to start over by filing a new habeas petition in this Court. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated:  February 26, 2024

Honorable James E. Simmons Jr.
United States District Judge