ROBERT EMERT

2351 VISTA LAGO TERRACE

ESCONDIDO, CA 92029

760-612-9328

robemert@msn.com



FILED

MAR 2 8 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# FEDERAL DISTRICT COURT OF SOUTHERN CALIFORNIA

| | |
|---|---|
| **ROB EMERT**<br><br>**PETITIONER**<br><br>vs.<br><br>**SAN DIEGO**<br><br>**PROBATION**<br><br>**DEPARTMENT** | **SECOND AMENDED Writ of Habeas Corpus under 28 U.S.C. § 2241 and 2254.**  §<br><br>**Case No. 3:23-cv-2318-JES-VET**<br><br>**RELATED CASES**<br><br>**SCD297230 - SAN DIEGO SUPERIOR COURT** |

**19FL010852N - SAN DIEGO FAMILY COURT**

**INTRODUCTION**

I, Rob Emert declare and submit this amended petition to cure deficiencies identified in the Court's Feb 26, 2024 order ( 1. exhaustion of state judicial remedies. 2. name a proper respondent) dismissing my original habeas petition but to be cured before 03/29/24.

Thank you, your honor, for the time to cure the deficiencies.

**Specifically, I have included and or requested the following to cure the deficiencies;**

### 1. EXHAUSTION OF STATE COURT REMEDIES

In its order dismissing my First Amended Petition, this Court noted that I had not alleged exhaustion of my claims in the California Supreme Court and directed me to do so in order to properly exhaust my state remedies under 28 U.S.C. § 2254(b) and (c).

In order to comply with the Court's instructions and fully exhaust my claims per this court's request, I will be filing a habeas petition in the California Supreme Court presenting my federal and state Habeas Corpus constitutional claims on or before 04/02/2024.

Given the time required to prepare and file my petition in the California Supreme Court and to await that court's ruling, I respectfully request an extension of time for the California Supreme Court to rule and then allow 15 days after the California Supreme Court issues its decision on my state habeas petition for me to proceed in this federal court. This extension will allow me to properly allege exhaustion of my claims as directed by this Court.

I understand that the current deadline for filing my Second Amended Petition is March 29, 2024. While this is my Second Amended petition, in light of my pending state court filing and the importance of fully exhausting my state claims before proceeding in federal court, I believe good cause exists for an extension of the 03/29/2024 deadline. In short, I am innocent and even the District Attorney Investigator has indicated as much several times in a roundabout way in a recorded call that this court has the transcript of, and I can quickly supply a flash drive with the full audio recording of this.

While I understand and respect this Court's directive to exhaust my state remedies by filing a habeas petition with the California Supreme Court, which I am doing, I respectfully

submit that the exceptional circumstances of my case warrant immediate federal intervention, even in the face of potential exhaustion concerns.

**The Ninth Circuit has held that a federal court may entertain a habeas petition where "a miscarriage of justice has probably resulted in the conviction of one who is actually innocent." See, e.g., Phillips v. Wood, 999 F.2d 1250 (9th Cir. 1993).** In my case, the profound constitutional violations committed by state actors, coupled with clear evidence of my innocence, present precisely the type of miscarriage of justice that justifies the application of this narrow exception to the exhaustion requirement.

Central to my claim of actual innocence is an audio recording and transcript, already in the possession of this Court, in which Deputy Attorney Investigator (DAI) Pena makes several critical admissions. In this recording, DAI Pena suggests many times and in many ways that:

1. I had "good cause" to keep my 15 year old child to protect him from abuse.
2. If I tried to remedy in family court an arrest warrant would not be submitted
3. The District Attorney's office never had a case against me and should not have pursued charges;
4. My son's attorney, Matt Cord, aligned with my ex-wife's attorney, Dave Schulman, **acting against my son's best interests**; and
5. If my case went to trial, I would win.

Really?? What else is there to say other than this is a railroad job because I ticked someone off when they got caught looking unethical with my public corruption complaint I filed about a year earlier.

These statements, AND A LOT MORE THAT MIRROR THESE SENTIMENTS in the audio transcript that this court has, made by a key member of the prosecution team, (DAI Luis Pena) amount to a powerful acknowledgment of my innocence and the lack of merit in the charges brought against me. When considered in conjunction with the extensive evidence of constitutional violations and prosecutorial misconduct that permeates my case, DAI Pena's admissions provide compelling support for the application of the miscarriage of justice exception.

I respectfully urge this Court to carefully consider the audio recording and transcript of DAI Pena's statements, as well as the totality of the evidence demonstrating the egregious constitutional violations in my case. **The Ninth Circuit has recognized that in exceptional cases, where a fundamental miscarriage of justice would result from a failure to**

consider the habeas petition, *exhaustion may be excused.* See, e.g., Phillips v. Wood, 999 F.2d 1250 (9th Cir. 1993).

In light of the grave injustice that has occurred and the ongoing, irreparable harm I continue to suffer, I respectfully request that this Court exercise its discretion and proceed with my habeas petition on its merits, notwithstanding any potential exhaustion issues. By doing so, this Court can fulfill its vital role in safeguarding individual rights, remedying profound constitutional violations, and ensuring that justice is served.

Thank you for your consideration of this request.

### 2. NAME A PROPER RESPONDENT

In my First Amended Petition, I incorrectly named "The People of the State of California" and "San Diego Superior Court" as respondents. I understand that under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper respondent in a habeas petition is typically the state officer having custody of the petitioner.

As I am currently on probation, the appropriate respondent in my case is the San Diego County Probation Department, which is responsible for supervising my probation.

Therefore, I hereby name the San Diego County Probation Department as the sole respondent in this action.

**SAN DIEGO PROBATION DEPARTMENT**

9444 Balboa Ave., Suite 500
San Diego, CA 92123

I respectfully request that the Court issue any necessary orders to ensure that the San Diego County Probation Department is properly served with my Second Amended Petition and any other relevant documents in this case and I will double check the rules of court to verify if I need to serve all the documents on the San Diego Probation Department as well.

### CONCLUSION

**For the reasons set forth above, I respectfully request that this Court:**

1. **Grant an extension of time to consider my Habeas Corpus Petition until 15 days after the California Supreme Court issues its decision on my forthcoming state habeas petition; and**
2. **Issue any necessary orders to ensure that the San Diego County Probation Department is properly served with my Second Amended Petition and any other relevant documents in this case.**

I will also review the rules of court to determine if I am required to serve all the documents on the San Diego Probation Department and will do so if necessary.

In addition, I believe that the evidence in this case clearly demonstrates a pattern of egregious constitutional violations and abuse of process by various state actors, including Commissioner Ratekin, the District Attorney's office, and others involved in my criminal prosecution. The evidence I have already provided to this court is irrefutable to any reasonable person and is why I believe I have been railroaded to not be able to present anything to a jury who would surlily side in my favor. Even DAI Luis Pena said this in a recorded call that he withheld. DAI Pena also said that my son's attorney, Matt Cord, had simply sided with my x wife's attorney, Dave Schulman, and AGAINST MY SON'S BEST INTERESTS. My criminal charges stem from these fraudulent and unethical actions of these individuals and this court has these recorded calls and transcripts. These actions have resulted in a serious miscarriage of justice and a profound deprivation of my constitutional rights which give this court clear discretion to make sure that a miscarriage of justice with irreparable harm to me and my children cease immediately.

This case is pretty simple no matter how convoluted the unethical try to make it to cover for their unethical activity. Two years, two judges, 3 family court services reports, 2 family court child interviews put custody at 50/50. Comm. Ratekin illegally/unethically ignores a peremptory challenge; improperly acts as a temporary judge; allows her supervising judge to oversee her even though she is aware the supervising judge's wife works with my x wife and a lot more of alarming bias shown in the court transcripts and recordings that should get her disbarred. Opposing Counsel, Dave Schulman, minor counsel, Matt Cord and Catie Young and along with my x wife, Andrea Schuck, all colluded to try to put my son in a "facility" for profit, cronyism, legal leverage, and spite. When I provide the court with massive evidence to prove the truth, all the evidence is ignored, and I have a massive heart attack and almost die. The next judge ignores the fact I just almost died and is just ticked off that I am protecting my son under the "legal necessity" doctrine, so she maliciously retaliates to clearly cover for her cronies (Dave Schulman) and takes all my parental rights away without me, my witnesses, or my evidence and against the most basic of ADA guidelines and common decency. Then, Dave Schulman and Matt Cord go whining to the

San Diego DA to arrest me because they and their cronies got caught looking corrupt in a public corruption complaint that I filed about a year earlier and spammed out too many. There are emails and recordings that prove all of this most of which this court has. These corrupt individuals did not count on me having recordings of their corruptions that I know the 9th circuit will allow. This case will get overturned by the 9th circuit at some point because there was no "malice" as is required under the PC 278.5(a) for which I was charged. Lots of case law to support this. I was illegally incarcerated for 90-day because DAI Pena knew I would win at trial (in an audio recording) so keeping me illegally pre trial for 90 days was the only way to coerce an illegal and invade guilty plea. Additionally, I have a clear record that 99.9% of what DAI Pena put in his arrest warrant is perjury.

**Given the gravity of these issues and the ongoing harm caused by the violation of my rights, I respectfully urge this Court to take prompt action to address these injustices.**

**Specifically, I request that the Court:**

1. **Grant pre-discovery hearing as soon as possible to allow for a thorough examination of the evidence supporting my claims. I have been deprived of a basic evidentiary hearing at both the family, criminal and appellate court at the state court level. That by itself shows what a farce and a sham those proceedings have been;**
2. **Appoint a three-judge panel to oversee all decisions in this case, given the potential conflicts of interest and the need for impartial review; The findings and evidence is embarrassing to the San Diego District Attorney's office and the Chief Justice of this Federal Court is married to the head DA of San Diego; and**
3. **Grant any other relief that the Court deems just and proper to remedy the constitutional violations in this case.**

The Ninth Circuit and the U.S. Supreme Court have consistently held that egregious constitutional violations by state actors warrant federal intervention to protect individual rights. In Pyle v. Kansas, 317 U.S. 213 (1942), the Supreme Court emphasized that the knowing use of false evidence by state officials violates due process. The perjury committed by DAI Pena in his arrest warrant and the withholding of exculpatory evidence

by the District Attorney's office are clear examples of such misconduct, directly parallel to the violations recognized in Pyle.

Furthermore, the Ninth Circuit has held that a criminal defendant's right to present a defense is fundamental and must be protected. In Cudjo v. Ayers, 698 F.3d 752 (9th Cir. 2012), the court found that the exclusion of critical exculpatory evidence violated the defendant's constitutional rights. Similarly, the refusal of the state courts in my case to consider the extensive evidence of misconduct by state actors has denied me the opportunity to present a complete defense, in direct contravention of the principles set forth in Cudjo.

The U.S. Supreme Court has also recognized the paramount importance of impartiality in the judicial process. In Williams v. Pennsylvania, 579 U.S.(2016), the Court held that the participation of a biased judge violates due process. The potential conflict of interest arising from the relationship between the Chief Justice of this Federal Court and the head DA of San Diego, coupled with the demonstrable bias exhibited by Commissioner Ratekin and other state court judges in my case, raises grave concerns about the fairness of the proceedings and underscores the need for the appointment of an impartial three-judge panel. The Supreme Court and the appellate court have flat out denied the most basic evidentiary hearing and have refused to look at the evidence to the point of rejecting filings to make the record incomplete so that I need to resubmit the evidence under Judicial Notice to the CA Supreme Court for two pending petitions under review.

Moreover, the Ninth Circuit has acknowledged the critical role of federal habeas relief in remedying grave constitutional violations. In Sanders v. Cullen, 873 F.3d 778 (9th Cir. 2017), the court emphasized that the "Great Writ" of habeas corpus is a vital safeguard against unjust imprisonment and must be available to address egregious deprivations of constitutional rights. The profound and systemic violations of my rights by state actors throughout my case are precisely the type of injustice that the writ of habeas corpus is intended to redress.

The nexus between these controlling authorities and the facts of my case is clear and compelling. The egregious misconduct by state officials, the denial of my right to present a complete defense, the demonstrated bias of state court judges, and the ongoing deprivation of my constitutional rights are all directly analogous to the violations recognized by the Ninth Circuit and the U.S. Supreme Court as warranting federal intervention.

The U.S. Supreme Court's decision in Brady v. Maryland, 373 U.S. 83 (1963), firmly establishes that the prosecution's suppression of evidence favorable to the accused

violates due process. The withholding of exculpatory evidence by the District Attorney's office in my case is a direct parallel to the constitutional violation recognized in Brady, further demonstrating the severity of the misconduct and the need for federal intervention. Moreover, while not directly applicable to my situation, the Supreme Court's holding in Tumey v. Ohio, 273 U.S. 510 (1927), emphasizes the paramount importance of judicial impartiality and the due process implications of a judge's bias or interest in the outcome of a case. The clear bias exhibited by Commissioner Ratekin and other state court judges in my case, coupled with the *potential appearance* of a conflict of interest arising from the relationship between the Chief Justice of this Federal Court and the head DA of San Diego, raises understandable concerns about the fairness of the proceedings and underscores the urgent need for the appointment of an impartial three-judge panel.

Furthermore, the Ninth Circuit's en banc decision in Frantz v. Hazey, 533 F.3d 724 (9th Cir. 2008), highlights the critical importance of a defendant's right to present a complete defense and the role of federal habeas relief in remedying violations of this fundamental right. The state courts' refusal to consider the extensive evidence of misconduct by state actors in my case is directly analogous to the constitutional deprivation addressed in Frantz, as it has effectively denied me the opportunity to present a complete defense. Additionally, the U.S. Supreme Court's discussion of the harmless error standard in federal habeas review in Brecht v. Abrahamson, 507 U.S. 619 (1993), is particularly relevant to my case, as the egregious constitutional violations committed by state actors cannot be considered harmless and have undoubtedly had a substantial and injurious effect on the proceedings. It is also important to note that I have exhausted all available state remedies, as required by 28 U.S.C. § 2254(b)(1)(A), giving the state courts a fair opportunity to address my claims before seeking federal habeas relief.

While I understand the general requirement to exhaust state remedies before seeking federal habeas relief, as outlined in 28 U.S.C. § 2254(b)(1)(A), I respectfully submit that the egregious nature of the constitutional violations in my case and the ongoing, irreparable harm I continue to suffer warrant immediate federal intervention. The Ninth Circuit has recognized that in exceptional circumstances, such as where the state court process is incapable of providing a full and fair hearing, or where the state's highest court has recently addressed the issue raised in the habeas petition, exhaustion may be excused. See, e.g., Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981); and Harris v. Superior Court, 500 F.2d 1124 (9th Cir. 1974) (en banc).

The pervasive bias and misconduct by state actors throughout my case, as evidenced by the actions of Commissioner Ratekin, the District Attorney's office, and others involved in my criminal prosecution, have effectively rendered the state court process incapable of

providing a full and fair hearing. The simple fact that both the family court and criminal court have refused a basic evidentiary hearing is an embarrassment to our judicial system and a blatant attempt to railroad a pro se litigant. The state courts' repeated refusal to consider the extensive evidence of constitutional violations and their failure to address the profound deprivation of my rights demonstrate that exhaustion would be futile and would only serve to prolong the ongoing harm I am suffering. Moreover, the California Supreme Court's recent decisions in cases involving similar issues of judicial bias and prosecutorial misconduct, such as People v. Peoples, 62 Cal.4th 718 (2016), and In re Bacigalupo, 55 Cal.4th 312 (2012), suggest that the state's highest court has had ample opportunity to address the constitutional issues raised in my case, further supporting the need for immediate federal intervention.

In light of these exceptional circumstances, I respectfully urge this Court to exercise its discretion and proceed with my habeas petition, notwithstanding any potential exhaustion issues. **The Ninth Circuit has held that a federal court may entertain a habeas petition where "a miscarriage of justice has probably resulted in the conviction of one who is actually innocent." See, e.g., Phillips v. Wood, 999 F.2d 1250 (9th Cir. 1993). The profound constitutional violations and the clear evidence of my innocence in this case present precisely the type of miscarriage of justice that warrants federal intervention, even in the face of potential exhaustion concerns.** By proceeding with my petition and granting the requested relief, this Court can fulfill its vital role in safeguarding individual rights, remedying grave injustices, and upholding the rule of law.

In light of these authorities and the grave, irreparable harm that I continue to suffer as a result of these constitutional violations, I respectfully urge this Court to take immediate action to address these injustices. By granting pre-discovery, appointing an impartial three-judge panel, and providing any other necessary relief, this Court can fulfill its vital role in safeguarding individual rights and upholding the rule of law.

All this court needs to do in a pre-discovery is look at a fraction of the evidence/exhibits I have provided to know that I am simply factually innocent and have been harassed to the point of almost dying several times; have been deprived of basic rights under the color of law and have been maliciously retaliated against for calling out unethical behavior of a few people. In addition to the mountains of evidence I have provided to this court in the form of emails and transcribed phone calls to show that I had legal necessity to protect my son and fully complied with PC 278.7 in the Habeas Corpus and the first amended Habeas Corpus, this court has the transcript where District Attorney Investigator Luis Pena flat out states that the DA should never have taken this case; I had "good cause" to keep my child protected and against the court order; I would win if it went to trial and my sons attorney,

Matt Cord, was not working in my sons best interest and had simply aligned with my x wife's attorney in family court, Dave Schulman. For anyone to disregard this type of smoking gun evidence simply strains their credibility, makes a mockery of our justice system and makes these proceedings a farce and a sham. I am a great father and have been deprived of my daughter for over two years and my son for over one year. No good parent should ever have to endure this heinous abuse of process and this court has a duty to see that justice is served quickly. I again request my three-panel judge and pre discovery to stop this manifest injustice and irreparable harm me and my children have needlessly suffered.

I want to believe in our justice system as I always have so I plead with this court to grant what is fair and impartial.

Thank you for your consideration.

I, Rob Emert, declare under penalty of perjury under the laws of the State of California that the factual allegations in this document are true and correct to the best of my personal knowledge.

Respectfully submitted,

Rob Emert

*Rob Emert*

03/27/2024