UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROB EMERT,<br><br>                      Petitioner,<br><br>v.<br><br>SAN DIEGO PROBATION DEPARTMENT,<br><br>                      Respondent. | Case No.: 3:23-cv-2318-JES-VET<br><br>**ORDER DISMISSING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

### I.    BACKGROUND

On December 20, 2023, Petitioner submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On January 2, 2024, the Court denied Petitioner's IFP application and dismissed the Petition without prejudice. ECF No 5. The Court notified Petitioner that in order to have his case reopened, he must (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition curing the pleading deficiencies outlined in the Court's Order, no later than February 16, 2024. *See id.* at 3.

On February 13, 2024, Petitioner submitted the $5.00 filing fee, along with a First

1 | Amended Petition ("FAP"). *See* ECF Nos. 6, 7. On February 26, 2024, the Court
2 | dismissed the FAP because Petitioner failed to allege exhaustion of state judicial
3 | remedies and failed to name a proper respondent. ECF No. 8. The Court gave Petitioner
4 | until March 29, 2024 to file a Second Amended Petition and he did so on March 28,
5 | 2024. *See* ECF No. 9.

## II. FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Review of the Second Amended Petition and attachments show it must also be dismissed for failure to allege exhaustion of state judicial remedies. As discussed in this Court's previous Orders, habeas petitioners who wish to challenge their state court conviction or custodial sentence, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To do so, a petitioner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court has stated: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Second Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. Indeed, he concedes he has not done so. ECF No. 9 at 8–9. Instead, Petitioner asks the Court to "proceed with [his] habeas petition notwithstanding [his] potential exhaustion issues." *Id.* at 9. He argues that there are exceptional circumstances in his case warranting excusing his failure to exhaust. Specifically, he alleges the "actions of Commissioner Ratekin, the District Attorney's

office and others . . . have rendered the state court process incapable of providing a full and fair hearing." *Id.* at 8–9.

Failure to exhaust state judicial remedies may be excused if (1) "there is an absence of available State corrective process" or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii). The second exception applies "if the [state] corrective process is so clearly deficient as to render futile any effort to obtain relief." *Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam)) (alteration in original). Here, however, Petitioner has the ability to file a habeas petition in the California Supreme Court challenging his conviction and sentence. Petitioner's vague and conclusory allegations regarding a commissioner and the District Attorney's Office are wholly insufficient to support his claim that he would be unable to get a fair hearing before the state's high court. Therefore, Petitioner is not relieved of his obligation to exhaust state court remedies.

A habeas petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . .." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### III.   CONCLUSION

Accordingly, the Court **DISMISSES** the case without prejudice and without leave to amend. If Petitioner wishes to pursue his claims once he has completed exhaustion of state judicial remedies, he must file a new petition which will be given a new civil case number. The Clerk shall close the case.

/ / /

/ / /

/ / /

/ / /

**IT IS SO ORDERED.**

Dated: April 4, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge